**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| DALIA JESICA CANTERO LUNA, | : | Case No. 1:26-cv-884 |
| | : | |
| Petitioner, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| MARKWAYNE MULLIN, et al., | : | |
| | : | |
| Respondents. | : | |

---

**ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. 2)**

---

This matter is before the Court on Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). At this time, the Court must adjudicate the section of Petitioner's Motion seeking a temporary restraining order, pursuant to Federal Rule of Civil Procedure 65(b)(1). For the reasons provided below, Petitioner's Motion for a Temporary Restraining Order is **DENIED WITHOUT PREJUDICE**.

"The only type of injunctive relief that a district court may issue ex parte is a temporary restraining order." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Additionally, "ex parte requests should only be granted in the most stringent of circumstances since such requests run afoul to this country's history of jurisprudence requiring notice and opportunity to be heard." *Oviedo v. Rivera*, No. 1:22-CV-214, 2023 WL 2431819, at *4 (S.D. Ohio Mar. 9, 2023) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974)). The

Court may issue an ex parte temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Such requirements must be "scrupulously honored." *Alahverdian v. Nemelka*, No. 3:15-CV-060, 2015 WL 1276453, at *2 (S.D. Ohio Mar. 19, 2015) (quoting Moore's Federal Practice § 2952).

While Petitioner does not caption the Motion as ex parte, the circumstances of its filing show that it is. Petitioner filed the Motion and her Complaint (Doc. 1) on the same day, and she has not served either on Defendants. And neither Petitioner nor her counsel have made any representation to the Court that Defendants have otherwise been advised of the instant Motion. The Motion is therefore ex parte.

The Court must accordingly determine whether Petitioner's ex parte Motion complies with Rule 65(b)(1). It does not. Petitioner has not submitted the specific facts of this case in an affidavit or by verifying the Complaint. (*See* Compl., Doc. 1.) Nor has Petitioner complied with the notice requirements of the rule. Petitioner's counsel has not certified in writing any efforts made to give notice to Defendants, or the reasons why notice should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B). This omission is fatal to Petitioner's motion for temporary restraining order. *See, e.g.*, *Le v. Huynh*, No. 23-CV-914, 2023 WL 2504757, at *1 (N.D. Cal. Mar. 13, 2023) (failing to certify why notice should not be required is fatal—even if counsel certifies that he served the defendant).

"The normal circumstance for which the district court would be justified in proceeding ex parte is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found[,] . . . [or] where notice to the defendant would render fruitless further prosecution of the action." *First Tech. Safety Sys., Inc.*, 11 F.3d at 650. Because Petitioner failed to certify how this case would fall into either circumstance, ex parte relief is not appropriate. *See Clinton Solart LLC v. Stoll*, No. 1:23-CV-206, 2023 WL 3024357, at *2 (S.D. Ohio Apr. 20, 2023) (denying temporary restraining order in light of failure to comply with Rule 65(b)(1)(B)); *Slave Legacy, LLC v. Son of Slave*, No. 3:23-CV-152, 2023 WL 3919317, at *5 (S.D. Ohio June 9, 2023) (holding that courts may not issue temporary restraining orders if Rule 65(b)(1)(B) has not been satisfied) (collecting cases).

Therefore, in light of Petitioner's failure to satisfy the Rule 65(b)(1) requirements, the Court cannot grant an ex parte temporary restraining order. This decision does not touch upon the merits of Petitioner's motion for a preliminary injunction, which will be addressed in due course.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for a Temporary Restraining Order (Doc. 2) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland

JUDGE MATTHEW W. McFARLAND